### IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

DETRICK OLIVER                                              **PLAINTIFF (S)**

**VS.**                                    **CIVIL NO.**    2012-0247

HOLMES COUNTY; HOLMES COUNTY
SHERIFF DEPARTMENT, SHERIFF                                **DEFENDANT (S)**
WILLIE MARCH(individually and in his
official capacity), DEPUTY SHERIFF
KENNY WILSON ET AL

### CERTIFICATION

I, **Earline Wright Hart,** Clerk of the Circuit Court of
Holmes County, Mississippi, do hereby certify that the following
pleadings are copies of the original documents filed in the above
styled and numbered cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the __28th__ day
of ___September___ , 20__12__ .


                                   **EARLINE WRIGHT HART, CIRCUIT CLERK**
                                   **HOLMES COUNTY, MISSISSIPPI**

                              BY: _Brenda Travis_ D.C.

158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₃Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only



# SWEET & ASSOCIATES
## ATTORNEYS AT LAW

July 25, 2012

Earline Wright Hart
Holmes County Circuit Clerk
P.O. Box 718
Lexington, MS  39095

     RE:   Detrick Oliver vs. Holmes County, et al

Dear Ms Hart:

     Please find enclosed the original and a copy of Plaintiff's Complaint in the above-referenced matter.  Please file the original and stamp the copy "filed" and return in the enclosed postage paid envelope.  In addition, I have also enclosed summons to be issued as well to be return along with the stamp filed copy of the Complaint.

     As always, your time and assistance is greatly appreciated.

     Sincerely

     SWEET & ASSOCIATES

     Phyllis Washington

/pow

enclosure

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                                              **PLAINTIFF**

**vs.**                                    CIVIL ACTION NO.: _2012-0247_

**HOLMES COUNTY; HOLMES COUNTY
SHERIFF DEPARTMENT, SHERIFF
WILLIE MARCH (individually and in his
official capacity), DEPUTY SHERIFF
KENNY WILSON (individually and in his
Official capacity)  AND JOHN DOES 1-5**                 **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW, Detrick Oliver (hereinafter referenced as "Plaintiff"), by and

through undersigned counsel and pursuant to the laws of the State of Mississippi, the

Mississippi Rules of Civil Procedure and the United States of America files this

Complaint against Defendants Holmes County, the Holmes County Sheriff's Department,

Sheriff Kenny Wilson, and John Does 1-5 ("Defendants").  In support thereof, Plaintiff

would respectfully show unto this Honorable Court the following, to-wit:

### I.

### INTRODUCTION

1.     This is a personal injury action brought as a result of the collective assault,

negligence, gross negligence and reckless disregard for the safety of others of the

Defendants.  Plaintiff's claim arise as a direct and proximate consequence of an incident

that occurred on or about August 7, 2011 in Holmes County Mississippi.

2.     This is also a Federal Civil Rights Action brought as a result of a violation of inter

alia, the federal, civil, constitutional, and human rights of the Plaintiff.  On or about

August 7, 2011 law enforcement personnel inflicted unnecessary bodily harm upon him

FILED

_1:00_ _ _ of P.M. _____

JUL 27 2012

EARLINE WRIGHT-HART, CIRCUIT CLERK

BY: _M. Meeks_ ____ D.C.

through the use of excessive unreasonable and unjustifiable force.   The act of the Defendants in the use of said force against the Plaintiff and others, enforced pursuant to official policy, is so pervasive as to have the impact of custom and usage.   As a direct and proximate consequence the Plaintiff was physically assaulted, sprayed with mace and arrested without jurisdiction.   It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

## II.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to Mississippi Code Annotated § 11-46-7 (2006) any and all other statutes or Mississippi Constitutional provisions that vest authority and jurisdiction in circuit courts.   As Plaintiff's claims are for monetary damages against Defendants who are all Holmes County residents, this court has jurisdiction over both the parties and the subject matter of this suit.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.   Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

5.     On or about February 6, 2012, Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. Mail to Holmes County Sherriff Willie March, President of the Holmes County Board of Supervisors James Young, and Holmes

County Clerk Henry Luckett a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 11-46-11 (2006). A copy of this letter is incorporate herein by referenced and attached as "Exhibit A." To date, these Defendants have not responded in writing. Plaintiff submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

6.      Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3(1)(a)(i) (Amended 2006). Pursuant to this statute, venue is proper in the county where the Defendant resides, and for purposes of the Mississippi Tort Claims Act, a municipality is said to reside in the County where it sits.

## III.

## PARTIES

7.      Plaintiff, Detrick Oliver, is an adult resident citizen of Holmes County, Mississippi and resides at 48 Pickens Lane Apt. C7 Pickens, MS 39147.

8.      Defendant Holmes County is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be served with process through its president or clerk of the board of supervisors, James Young at 315 Court Street Lexington, Mississippi 39095.

9.      Defendant Holmes County Sherriff's Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be

served with process through its Sherriff, Willie March at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

10.    Defendant, Sherriff Willie Marsh, is an adult resident of Holmes County and may be served with process at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

11.    Defendant, Deputy Sherriff Kenny Wilson, is an adult resident of Holmes County and may be served with process at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

12.    Defendants, John Does 1-5, are other individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in the injuries sustained by Perry Holland, and in whom Plaintiff may seek recovery of damages.

## IV.

## FACTS

13.    At all times relevant hereto, the Holmes County Sherriff's Department maintains an official policy and procedure of the excessive use of force and the violation of the civil and human rights of the citizens of Holmes County and the State of Mississippi, as evidenced by numerous acts of violence and civil lawsuits.  This policy is implemented, executed and carried out by Sheriff Willie March, Deputy Sherriff Kenny Wilson, and others.

countless acts of violence and civil lawsuits.

14.    On or about August 7, 2011, Mr. Oliver drove his automobile to the Kangaroo Gas Station in Lexington, Mississippi.

15.    Mr. Oliver entered the gas station and purchased food goods.

16.    Mr. Oliver exited the gas station.  While outside the gas station Mr. Oliver entered into a conversation with two of his acquaintance.

17.    While Mr. Oliver was conversing with his associates in the Kangaroo parking lot, Kenny Wilson, a Deputy Sherriff from the Holmes County Sherriff's department, instructed Mr. Oliver to move his car and leave Kangaroo's parking lot.

18.    Mr. Oliver followed the Deputy Sherriff's instructions and entered his vehicle. Mr. Oliver attempted to start his car, however, his car wouldn't start.  For no apparent reason Deputy Sherriff Wilson arrested Mr. Oliver and charged him with disorderly conduct.

19.    Deputy Sherriff Wilson struck Mr. Oliver once in the head with a baton.  Deputy Wilson was unprovoked when he assaulted Mr. Oliver, as Mr. Oliver complied with all of Deputy Wilson's orders.

20.    Deputy Wilson placed Mr. Oliver in Handcuffs and struck him two more times, once on each knee.

21.    At all relevant times Mr. Oliver was defenseless and was not a threat or harm to anyone.

22.    Deputy Wilson sprayed Mr. Oliver with Mace and placed him in the back of his patrol car.  Mr. Oliver was arrested and charged with disorderly conduct amongst other crimes.

23.    Mr. Oliver did not commit a crime.  All charges against Detrick Oliver have been dismissed.

24.     Mr. Oliver suffered, among other things, lacerations, bruises, swelling, loss of breath, pain and suffering, emotional distress, humiliation and embarrassment.

25.     At this time, Mr. Oliver is not sure of the names of all involved in the incident.

## V.

## CLAIMS FOR RELIEF

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

26.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

28.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

29.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Detrick Oliver were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and executive force against Plaintiff, thus, causing him certain injuries.   As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

30.     More specifically, Plaintiff had the Eighth Amendment Right to be free from cruel and unusual punishment violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to sustain certain injuries.  Furthermore, Plaintiff's Fifth and Fourth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

31.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Detrick Oliver physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Oliver was left in.

32.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

33.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

34.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.    In committing the acts complained of herein, Defendants acted under color of state law to falsely arrest and detained the Plaintiff, without reasonable or justifiable basis in fact or law to do so.  In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

36.    More specifically, this action is brought for the unlawful arrest of the Plaintiff without probable cause to believe that the plaintiff had committed or was committing a crime, or as a pretext for other unlawful police conduct.

37.    Additionally, Defendants acted under color of state law to deprive Plaintiff of his rights as set forth in the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, which amounted to an unlawful deprivation of the Plaintiff's civil rights.

38.    The above described actions of Defendants subjected Plaintiff to a deprivation of rights and privileges entitled by the Constitution and laws of the Unites States, including the due process clause of the Fourteenth Amendment and the Fourth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

39.    As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Deprivation of Property Without Due Process of Law)

40.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

41.     Defendants intentionally violated the civil rights of the Plaintiff by their malicious and wanton disregard for Plaintiff's property rights.

42.     Defendants' actions constitute a taking under the law, in violation of Plaintiff's Fifth and Fourteenth Amendment rights.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

43.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

44.     At all times material hereto, Defendants had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

45.     At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted and arrested the unarmed Plaintiff without probable cause or justification.

46.     Consequently, Defendants breached the duty owed to the Plaintiff.  Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.

### Reckless Disregard - Mississippi Common Law

47.     Plaintiff re-alleges and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

48.     The act(s) and/or omission(s) of Defendants, in both their official and personal capacities, constituted a reckless disregard for the rights and safety of the Plaintiff herein. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects.   Therefore, the act(s) and/or omission(s)

constitute a reckless disregard for the rights and safety of the Plaintiff as defined under Mississippi law.

49.     The act(s) and/or omission(s) of these Defendants and Officers of the Jackson Police Department in both their official and personal capacities were a proximate cause as to the injuries and damages sustained by Plaintiff.

## False Arrest - Mississippi Common Law

50.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

51.     On or about August 7, 2011, Defendants collectively did cause the Plaintiff to be arrested falsely, unlawfully, maliciously, and without probable cause, charging that Plaintiff's conduct was disorderly.

52.     As a result of having been unlawfully and falsely arrested, Plaintiff was subjected to ridicule and embarrassment and sustained damage to his reputation.

53.     As a direct and proximate result of the above-mentioned acts of the Defendants, Plaintiff sustained severe injuries, causing him great pain, suffering, and mental anguish.

## Gross Negligence – Mississippi Common Law

54.     Plaintiff re-alleges and hereby incorporate all of the preceding paragraphs of this Complaint as if set forth herein.

55.     The act(s) and/or omission(s) of these Defendants, by and through their employee, servant, and/or agent when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendants who committed the subject actions had actual, subjective awareness of the risk, but nevertheless proceeded with reckless disregard and conscious indifference to the rights,

safety or welfare of Plaintiffs herein in the following particulars, including but not limited to:

    (a)  using excessive force;

    (b)  using excessive force while not witnessing the commission of a crime;

    (c)  using excessive force while not witnessing the commission of a felony;

    (d)  making an unlawful detention; and

    (e)  lacking probable cause or a reasonable suspicion to make such a detention.

56.    The act(s) and/or omission(s) in question constitute a reckless disregard for the rights and safety of Plaintiff and others.  As such, the act(s) and/or omission(s) of these Defendants, by and through its employee, servant, and/or agent and other officers of the Holmes County Sheriff's Department constitutes reckless disregard as the term is defined under Mississippi law.  Because Deputy Wilson and/or other officers of the Holmes County Sherriff's Department was an employee, servant, and/or agent of one or more of these Defendants, the principal defendant is vicariously liable for the actions and gross negligence of Defendants at Issue.  As a result, Plaintiff is entitled to the recovery of compensatory damages against these Defendants.

### Assault (Civil) - Mississippi Common Law

57.    Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

58.    The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that Deputy Kenny Wilson committed a civil assault. Plaintiff's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendant's overt act of hitting Detrick Oliver with a baton several times

and spraying mace in his face constituted a threat or menace to the Plaintiff. Defendants, Deputy Wilson, and other officers of the Holmes County Sherriff's Department apparent present ability to inflict threatened harm and use of a weapon established that Defendants committed a civil assault.

59.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## Battery (Civil) – Mississippi Common Law

60.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

61.     The acts(s) and/or omission(s) of Defendants, Deputy Wilson, and other officers of the Holmes County Sherriff's Department, in both their official and personal capacities, establish that he committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of plaintiff caused by the act of defendant, whether directed at plaintiff personally or at a third party.  Defendants commited a civil battery upon the Plaintiff when Deputy Wilson struck Detrick Oliver with his baton and sprayed him in the face with mace.

62.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## Negligent Infliction of Emotional Distress - Mississippi Common Law

63.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

64.     The act(s) and/or omission(s) of Defendants on the day in question caused Plaintiff severe emotional distress through Defendants' tortuous conduct.  The attack of

the Plaintiff was a harrowing, traumatic, and disturbing event, from which he has suffered serious emotional anguish. Plaintiff suffered emotional distress and were also placed in the zone of danger as a result of Defendants' act(s). Therefore, the act(s) and/or omission(s) constitute a negligent infliction of emotional distress as defined under Mississippi law.

65.     The above act(s) and/or omission(s) constitute negligent infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Intentional Infliction of Emotional Distress – Mississippi Common Law

66.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

67.     The act(s) and/or omission(s) of Defendant on the night in question intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress. Plaintiff suffered severe emotional distress as a result of the extreme and outrageous acts. Defendants' use of a weapon to harm and the Plaintiff were deliberate, calculated, and reckless. Therefore, the act(s) and/or omission(s) constitute an intentional infliction of emotional distress as defined under Mississippi law.

68.     The above act(s) and/or omission(s) constitute intentional infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Vicarious Liability - Respondeat Superior

69.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

70.     Upon information and belief Deputy Wilson and other Deputies of the Holmes County Sherriff's Department involved in this matter were employee(s), servant(s), and/or agent(s) of one or more of these Defendants.  Thus, the principal Defendants are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## Negligent Hiring, retention, Supervision and Control

71.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

72.     At the time and on the occasion in question, Defendants Holmes County Mississippi, The Holmes County Sherriff's Department, and Doe defendants 1-5 were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), Sheriff Willie March, deputy Sheriff Kenny Wilson and Doe Defendants 1-5.  Defendants had a duty to exercise ordinary care in the hiring, supervising, and training of its employees.  Defendants breached that duty in the following respects among others:

> (a)     failing to adequately inquire into the competence, employment history, and criminal background of employee, agent, or servant, Sheriff Willie March, Deputy Sheriff Kenny Wilson, and Doe Defendants 1-5;

> (b)     failing to adequately train employee, agent, or servant, Sheriff Willie March, Deputy Sheriff Kenny Wilson, and John Doe Defendants 1-5;

> (c)     failing to properly supervise employee, agent, or servant, Sheriff Willie March, Deputy Sheriff Kenny Wilson, and Doe Defendants 1-5;

(d)     failing to comply with industry standards and regulations regarding supervision of personnel, and;

(e)     other acts of negligent hiring, retention, supervision, and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or admission(s) of Defendants proximately caused Plaintiff's damages.

## Agency

73.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein.

74.     At the times material hereto, Defendant Sheriff Willie March, Deputy Sheriff Kenny Wilson and Doe Defendants 1-5 were in the course and scope of their employment with and acted in furtherance of the interest of Defendant Holmes County, Mississippi and Doe Defendants 1-5, and/or was an apparent agent acting within his actual or apparent authority of Defendants Holmes County, Mississippi and Doe Defendants 1-5; therefore, Defendants are liable for the negligence of its employee(s) statutory employee(s)/agent(s).

## VI.

## DAMAGES

75.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

76.     As a direct and proximate result of the Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer damages in an amount in excess of the minimum

jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

77.     Plaintiff has suffered out-of-pocket expenses which include attorneys' fees, costs of court, and other expenses.  Accordingly, Plaintiff seeks all economic, non-economic, general, special, incidental, and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages.  Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

78.     The amount of total damages suffered by Plaintiff is significant and continuing in nature.  Plaintiff reserve the right to amend and state further with respect to their damages.

## VII.

## **PUNITIVE DAMAGES**

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

80.     Defendants, in their personal capacity, used deadly force that was totally improper and egregious.  Plaintiff did not have any weapons of any kind on his person at the time of the incident.  Further, Defendants never witnessed Plaintiff commit any crime(s) at any time which lead to the incident described herein.  Defendants' actions were egregious and

reckless, and it is Plaintiff's contention that punitive damages are all that can serve to deter Defendants egregious conduct.

81.     The act(s) and/or omission(s) of these Defendants, evidenced malice and a reckless disregard for the safety and well-being of other human beings, Plaintiffs specifically request a punitive damages instruction as to all Defendants, pursuant to Mississippi Code Annotated Section 11-1-65.   Punitive damages instructions may be given when the trial court so determines that the Defendant's conduct is so willful, wanton, or egregious that it evidences a reckless disregard for the rights and safety of others.

## VIII.

## <u>RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P.</u>

82.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## IX.

## <u>JURY TRIAL DEMANDED</u>

83..    Plaintiff demands a jury trial.

    **WHEREFORE PREMISES CONSIDERED,** Plaintiff requests a judgment against any and all of these Defendants for the reasons set forth herein.   Further, Plaintiff requests general damages as well as punitive damages (to the extent allowed under Mississippi and Federal law) against all of the Defendants named herein.   Further, Plaintiff also prays for any and all other relief this Court deems necessary and appropriate in the interest of justice.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited to appear and answer and that upon final hearing, Plaintiff has judgment of and from the Defendant for:

(1)    Past physical pain and mental suffering;

(2)    Future physical pain and mental suffering;

(3)    Past and future mental anguish;

(4)    Past necessary medical expenses;

(5)    Future necessary medical and other expenses that, in reasonable probability, will be sustained;

(6)    Past and future physical impairment;

(7)    Past and future loss of enjoyment and quality of life;

(8)    Actual, incidental and consequential damages;

(9)    Punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(10)   Pre-judgment interest at the maximum legal rate for all damages suffered;

(11)   Post-judgment interest at the maximum legal rate for all damage suffered;

(13)   Reasonable attorneys' fees and costs of court, and

(14)   For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated this the _____ day of _____, 2012.

Respectfully submitted,

**Detrick Oliver**

BY: _____
Dennis C. Sweet IV

**Of Counsel:**
Dennis C. Sweet III
Dennis C. Sweet IV
Thomas Bellinder
Terris Harris
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi  39201
Phone: 601-965-8700
Fax:    601-965-8719



158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₂Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only

# SWEET & ASSOCIATES
## ATTORNEYS AT LAW

February 6, 2012

**VIA CERTIFIED U.S. MAIL**
Willie Marsh, Sherriff
P.O. Box 120
Lexington, MS 39095

James Young, President
Holmes County Board of Supervisors
P.O. Box 329
Lexington, MS 39095

Henry Luckett, Clerk
Holmes County Clerk's Office
P.O. Box 239
Lexington, MS 39095

Re:   **Detrick Oliver's Notice of Claim**

To Whom It May Concern:

### Scope of Representation

Our firm has been retained by Mr. Detrick Oliver to pursue claims against the Holmes County Sheriff Department, including their employees and agents whose names are not known at this time, Holmes County, Mississippi, including their employees and agents whose names are not known at this time, as well as other persons or entities responsible for the acts and/or omissions that led to injuries sustained by Mr. Detrick Oliver ("Mr. Oliver").

This letter serves as an official notice of claim against Holmes County Sheriff Department and Holmes County, Mississippi including their employees and agents whose names are not known at this time. Mr. Oliver intends to file a lawsuit in this matter pursuant to Miss. Code Ann. § 11-46-11, 42 U.S.C. §1983, any other applicable state or federal statute or constitutional provision.



www.sweetandassociates.net

## The Time and Place the Injury Occurred

This representation arises from incidents involving the arrest of Mr. Oliver on or about August 7, 2011. This incident started on August 6, 2011 and carried over to the early morning of August 7, 2011. Mr. Oliver's injuries occurred while he was in the custody and control of Holmes County Sheriffs in Holmes County, MS.

## Residence of the Person Making the Claim at the Time of the Injury

At the time of the incident Mr. Oliver was an adult resident of Madison County. At the time of the accident he resided at 148 Albert Catchings Camden, MS 39045.

## The Current Residence of the Person Making the Claim

At the current time Mr. Oliver is an adult resident of Holmes County Mississippi. Mr. Oliver currently resides at 48 Pickens Lane Apt. C7 Pickens, MS 39147.

## The Circumstances Which Brought About the Injury
## The Extent of the Injury
## The Names of All Persons Known to Be Involved

On or about August 7, Mr. Oliver drove his automobile to the Kangaroo gas station in Lexington, Mississippi. Mr. Oliver entered the gas station and purchased food goods. Mr. Oliver exited the gas station. While outside the gas station he started a conversation with two of his other people. At this time a Deputy Sherriff from the Holmes County Sherriff's department, Kenny Wilson instructed Mr. Oliver to move his car and leave the Kangaroo's parking lot. Mr. Oliver's car wouldn't start. Deputy Sherriff Wilson arrested Mr. Oliver and charged him with disorderly conduct. Deputy Sherriff Wilson struck Mr. Oliver once in the head with a baton. Mr. Oliver was placed Mr. Oliver in Handcuffs and struck him two more times, once on each knee. Deputy Sherriff Wilson sprayed Mr. Oliver with Mace and placed him in the back of his patrol car.

Mr. Oliver suffered, among other things, lacerations, bruises, swelling, pain, suffering, emotional distress, humiliation and embarrassment.

At this time, Mr. Oliver is not sure of the names of all persons involved in the beating and/or mockery. However, Mr. Oliver intends to pursue claims against each and every officer or person who participated in the beating, mockery and/or attempted cover up.

## Types of Claims Likely to Be Made
## Amount of Money Damages Sought

Mr. Oliver intends to assert the following claims, including but not limited to: (i) negligence, (ii) gross negligence, (iii) violation of civil rights, and (iv) other possible claims under federal and/or state law. Claimants seek money damages in excess of the

jurisdictional amount of the Circuit Courts of the State of Mississippi or the United States District Court for the Southern District of Mississippi for any and all recoverable damages they may be entitled to by law or that the court may deem appropriate. As of the date of this notice, Mr. Johnson seeks compensatory and punitive damages in excess of jurisdictional limits, plus attorneys' fees and costs from all Defendants.

      Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office at 601-965-8700.

      Respectfully,

                **SWEET & ASSOCIATES, P.A.**

By: _____
          Dennis C. Sweet IV, J.D., LL.M.

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01
(Revised 1/1/2001)

Court Identification Docket Number: 2 6 1 C I

Case Year: 2 0 1 2

Docket Number: 2 4 7 / 3 4
Local Docket ID

Month Date Year: 0 7 2 7 1 2

This area to be completed by clerk

Case Number if filed prior to 1/1/94

IN THE CIRCUIT COURT OF HOLMES COUNTY
Short Style of Case: DETRICK OLIVER VS. HOLMES COUNTY, ETAL
Party Filing Initial Pleading: Type/Print Name  DENNIS C. SWEET, III
___Check (✓) if Not an Attorney   ___Check (✓) if Pro Hac Vice   Signature   MS Bar No.  8105
Compensatory Damages Sought: $_____   Punitive Damages Sought: $_____
**Is Child Support contemplated as an issue in this suit?** ___Yes ___No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual ____ Last Name ____ First Name ( Maiden Name, if Applicable ) Middle Init. Jr/Sr/III/IV
Address of Plaintiff ____

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____
___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency ____
Business ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: ____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual ____ Last Name ____ First Name ( Maiden Name, if Applicable ) Middle Init. Jr/Sr/III/IV
___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____
___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency ____
Business ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: ____
ATTORNEY FOR THIS DEFENDANT: ____ Bar No. ____ or Name: ____ Pro Hac Vice (✓) ____
(If known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
Accounting (Business)
Bankruptcy
Business Dissolution - Corporation
Business Dissolution - Partnership
Debt Collection
Employment
Examination of Debtor
Execution
Foreign Judgment
Garnishment
Pension
Receivership
Replevin
Stockholder Suit
Other ____

**Domestic Relations**
Child Custody/Visitation
Child Support
Contempt
Divorce: Fault
Divorce: Irreconcilable Differences
Domestic Abuse
Emancipation
Modification
Paternity
Property Division
Separate Maintenance
Termination of Parental Rights
UIFSA (formerly URESA)
Other ____

**Contract**
Breach of Contract
Installment Contract
Insurance
Product Liability under Contract
Specific Performance
Other ____

**Probate**
Accounting (Probate)
Birth Certificate Correction
Commitment
Conservatorship
Guardianship
Heirship
Intestate Estate
Minor's Settlement
Muniment of Title
Name Change
Power of Attorney
Testate Estate
Will Contest
Other ____

**Statutes/Rules**
Bond Validation
Civil Forfeiture
Declaratory Judgment
ERISA
Eminent Domain
Extraordinary Writ
Federal Statutes
Injunction or Restraining Order
Municipal Annexation
Racketeering (RICO)
Railroad
Seaman
Other ____

**Appeals**
Administrative Agency
County Court
Hardship Petition (Driver License)
Justice Court
MS Employment Security Comm'n
Municipal Court
Oil & Gas Board
Workers' Compensation
Other ____

**Children and Minors - Non-Domestic**
Adoption - Noncontested
Consent to Abortion for Minor
Removal of Minority
Other ____

**Torts-Personal Injury**
Bad Faith
Fraud
Loss of Consortium
Malpractice - Legal
Malpractice - Medical
Negligence - General ✓
Negligence - Motor Vehicle
Products Liability
Wrongful Death
Other ____

**Mass Tort**
Asbestos
Chemical Spill
Dioxin
Hand/Arm Vibration
Hearing Loss
Radioactive Materials
Other ____

**Real Property**
Adverse Possession
Ejectment
Eminent Domain
Judicial Foreclosure
Lien Assertion
Partition
Receiver Appointment
Tax Sale: Confirmation/Cancellation
Title, Boundary &/or Easement
Other ____

**Civil Rights**
Elections
Habeas Corpus
Post Conviction Relief
Prisoner
Other ____

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                                         **PLAINTIFF**

**vs.**                                           CIVIL ACTION NO.: *2012-0247*

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                       **DEFENDANTS**

THE STATE OF MISSISSIPPI

      TO:    Holmes County
              Agent for service-James Young, Holmes County Board of Supervisors
              315 Court Street
              Lexington, MS

### NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of your written response to the Complaint to Dennis C. Sweet, III, the attorney for the Plaintiffs, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

      You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

      Issued under my hand and the seal of the Court, this the _____27ᵗʰ_____ day of
_____*July*_____, 2012.

(Seal)

                                   EARLINE WRIGHT HART, CIRCUIT CLERK
                                   HOLMES COUNTY, MISSISSIPPI

                                   BY: *Myra E. Meeks*_____D.C.

Counsel for Plaintiffs

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                                        **PLAINTIFF**

**vs.**                                        CIVIL ACTION NO.: *2012-0247*

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                      **DEFENDANTS**

THE STATE OF MISSISSIPPI

> TO:   Holmes County Sheriff's Department
> Agent for service-Sheriff Willie March
> Holmes County Sheriff's Dept.
> 23240 Hwy. 12
> Lexington, MS

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the Complaint to Dennis C. Sweet, III, the attorney for the Plaintiffs, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____27ᵗʰ_____ day of _____July_____, 2012.

(Seal)                              EARLINE WRIGHT HART, CIRCUIT CLERK
                                    HOLMES COUNTY, MISSISSIPPI

                                    BY: *Myra E. Meeks*_____ D.C.

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                              **PLAINTIFF**

**vs.**                                 CIVIL ACTION NO.: _2012-0247_

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                   **DEFENDANTS**

THE STATE OF MISSISSIPPI

> TO:   Deputy Sheriff Kenny Wilson
>        Holmes County Sheriff's Department
>        23240 Hwy 12
>        Lexington, MS  39095

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU**
**MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the Complaint to Dennis C. Sweet, III, the attorney for the Plaintiffs, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the ____27th____ day of ____July____, 2012.

(Seal)

EARLINE WRIGHT HART, CIRCUIT CLERK
HOLMES COUNTY, MISSISSIPPI

BY: _Myra E. Meeks_ _____D.C.

**Counsel for Plaintiffs**

# IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                                            **PLAINTIFF**

**vs.**                                         CIVIL ACTION NO.: *2012-0247*

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                    **DEFENDANTS**

THE STATE OF MISSISSIPPI

        TO:   Sheriff Willie March
              Holmes County Sheriff's Department
              23240 Hwy 12
              Lexington, MS  39095

## NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the Complaint to Dennis C. Sweet, III, the attorney for the Plaintiffs, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the ____27th____ day of ____July____, 2012.

(Seal)

EARLINE WRIGHT HART, CIRCUIT CLERK
HOLMES COUNTY, MISSISSIPPI

BY: *Myra E. Meeks* _____D.C.

Counsel for Plaintiffs



158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₂Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only

**SWEET & ASSOCIATES**
**ATTORNEYS AT LAW**

August 14, 2012

Earline Wright-Hart
Holmes County Circuit Clerk
P.O. Box 718
Lexington, MS 39095

    RE:   Detrick Oliver vs. Holmes County, et al

Dear Ms Hart:

    Please find enclosed the original and a copy of Plaintiff's First Amended Complaint. Please file the original and stamp the copy filed. In addition, I have enclosed summons to be issued. Please return all in the postage paid envelope provided.

    As always, your time and assistance is greatly appreciated.

    Sincerely,

    SWEET & ASSOCIATES

    Phyllis Washington

**FILED**

10:00 (A.M) or P.M.

AUG 1 5 2012

EARLINE WRIGHT-HART, CIRCUIT CLERK

BY Brenda Harris D.C.

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                          **PLAINTIFF**

**vs.**                          CIVIL ACTION NO.: 2012-0247

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                   **DEFENDANTS**

---

### FIRST AMENDED COMPLAINT

---

COMES NOW, Detrick Oliver (hereinafter referenced as "Plaintiff"), by and through undersigned counsel and pursuant to the laws of the State of Mississippi, the Mississippi Rules of Civil Procedure and the United States of America files this Complaint against Defendants Holmes County, the Holmes County Sheriff's Department, Sheriff Kenny Wilson, and John Does 1-5 ("Defendants").  In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

**I.**

### INTRODUCTION

1.     This is a personal injury action brought as a result of the collective assault, negligence, gross negligence and reckless disregard for the safety of others of the Defendants.  Plaintiff's claim arise as a direct and proximate consequence of an incident that occurred on or about August 7, 2011 in Holmes County Mississippi.

2.     This is also a Federal Civil Rights Action brought as a result of a violation of <u>inter alia</u>, the federal, civil, constitutional, and human rights of the Plaintiff.  On or about August 7, 2011 law enforcement personnel inflicted unnecessary bodily harm upon him

**FILED**
10:00 (A.M.) or P.M.
AUG 1 5 2012
ARLINE WRIGHT-HART, CIRCUIT CLERK
Y Brenda Tray, D.C.

through the use of excessive unreasonable and unjustifiable force.   The act of the Defendants in the use of said force against the Plaintiff and others, enforced pursuant to official policy, is so pervasive as to have the impact of custom and usage.  As a direct and proximate consequence the Plaintiff was physically assaulted, sprayed with mace and arrested without jurisdiction.   It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

## II.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to Mississippi Code Annotated § 11-46-7 (2006) any and all other statutes or Mississippi Constitutional provisions that vest authority and jurisdiction in circuit courts.  As Plaintiff's claims are for monetary damages against Defendants who are all Holmes County residents, this court has jurisdiction over both the parties and the subject matter of this suit.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

5.      On or about February 6, 2012, Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. Mail to Holmes County Sheriff Willie March, President of the Holmes County Board of Supervisors James Young, and Holmes

County Clerk Henry Luckett a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 11-46-11 (2006). A copy of this letter is incorporate herein by referenced and attached as "Exhibit A." To date, these Defendants have not responded in writing. Plaintiff submits that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

6.      Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3(1)(a)(i) (Amended 2006). Pursuant to this statute, venue is proper in the county where the Defendant resides, and for purposes of the Mississippi Tort Claims Act, a municipality is said to reside in the County where it sits.

**III.**

**PARTIES**

7.      Plaintiff, Detrick Oliver, is an adult resident citizen of Holmes County, Mississippi and resides at 48 Pickens Lane Apt. C7 Pickens, MS 39147.

8.      Defendant Holmes County is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be served with process through its president or clerk of the board of supervisors, James Young at 315 Court Street Lexington, Mississippi 39095.

9.      Defendant Holmes County Sherriff's Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be

served with process through its Sherriff, Willie March at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

10.    Defendant, Sheriff Willie Marsh, is an adult resident of Holmes County and may be served with process at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

11.    Defendant, Deputy Sherriff Kenny Wilson, is an adult resident of Holmes County and may be served with process at the Holmes County Sherriff's Department at 23240 Hwy 12 Lexington, Mississippi 39095.

12.    Defendants, John Does 1-5, are other individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in the injuries sustained by Perry Holland, and in whom Plaintiff may seek recovery of damages.

## IV.

## FACTS

13.    At all times relevant hereto, the Holmes County Sherriff's Department maintains an official policy and procedure of the excessive use of force and the violation of the civil and human rights of the citizens of Holmes County and the State of Mississippi, as evidenced by numerous acts of violence and civil lawsuits.  This policy is implemented, executed and carried out by Sheriff Willie March, Deputy Sherriff Kenny Wilson, and others.

14.    On or about August 7, 2011, Mr. Oliver drove his automobile to the Kangaroo Gas Station located at 4850 Highway 17, Pickens, MS 39146.

15.    Mr. Oliver entered the gas station and purchased food goods.

16.    Mr. Oliver exited the gas station.  While outside the gas station Mr. Oliver entered into a conversation with two of his acquaintance.

17.    While Mr. Oliver was conversing with his associates in the Kangaroo parking lot, Kenny Wilson, a Deputy Sherriff from the Holmes County Sherriff's department, instructed Mr. Oliver to move his car and leave Kangaroo's parking lot.

18.    Mr. Oliver followed the Deputy Sherriff's instructions and entered his vehicle. Mr. Oliver attempted to start his car, however, his car wouldn't start.  For no apparent reason Deputy Sherriff Wilson arrested Mr. Oliver and charged him with disorderly conduct.

19.    Deputy Sherriff Wilson struck Mr. Oliver once in the head with a baton.  Deputy Wilson was unprovoked when he assaulted Mr. Oliver, as Mr. Oliver complied with all of Deputy Wilson's orders.

20.    Deputy Wilson placed Mr. Oliver in Handcuffs and struck him two more times, once on each knee.

21.    At all relevant times Mr. Oliver was defenseless and was not a threat or harm to anyone.

22.    Deputy Wilson sprayed Mr. Oliver with Mace and placed him in the back of his patrol car.  Mr. Oliver was arrested and charged with disorderly conduct amongst other crimes.

23.    Mr. Oliver did not commit a crime.  All charges against Detrick Oliver have been dismissed.

24.    Mr. Oliver suffered, among other things, lacerations, bruises, swelling, loss of breath, pain and suffering, emotional distress, humiliation and embarrassment.

25.     At this time, Mr. Oliver is not sure of the names of all involved in the incident.

## V.

## CLAIMS FOR RELIEF

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

26.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

28.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

29.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Detrick Oliver were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and executive force against Plaintiff, thus, causing him certain injuries.   As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

30.     More specifically, Plaintiff had the Eighth Amendment Right to be free from cruel and unusual punishment violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to

sustain certain injuries. Furthermore, Plaintiff's Fifth and Fourth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

31.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Detrick Oliver physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Oliver was left in.

32.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

33.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

34.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.     In committing the acts complained of herein, Defendants acted under color of state law to falsely arrest and detained the Plaintiff, without reasonable or justifiable basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the

Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

36.     More specifically, this action is brought for the unlawful arrest of the Plaintiff without probable cause to believe that the plaintiff had committed or was committing a crime, or as a pretext for other unlawful police conduct.

37.     Additionally, Defendants acted under color of state law to deprive Plaintiff of his rights as set forth in the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, which amounted to an unlawful deprivation of the Plaintiff's civil rights.

38.     The above described actions of Defendants subjected Plaintiff to a deprivation of rights and privileges entitled by the Constitution and laws of the Unites States, including the due process clause of the Fourteenth Amendment and the Fourth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

39.     As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

## Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
## (Deprivation of Property Without Due Process of Law)

40.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

41.     Defendants intentionally violated the civil rights of the Plaintiff by their malicious and wanton disregard for Plaintiff's property rights.

42.     Defendants' actions constitute a taking under the law, in violation of Plaintiff's Fifth and Fourteenth Amendment rights.

## Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

43.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

44.     At all times material hereto, Defendants had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

45.     At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted and arrested the unarmed Plaintiff without probable cause or justification.

46.     Consequently, Defendants breached the duty owed to the Plaintiff.  Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.

## Reckless Disregard - Mississippi Common Law

47.     Plaintiff re-alleges and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

48.     The act(s) and/or omission(s) of Defendants, in both their official and personal capacities, constituted a reckless disregard for the rights and safety of the Plaintiff herein. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects.  Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiff as defined under Mississippi law.

49.     The act(s) and/or omission(s) of these Defendants and Officers of the Jackson Police Department in both their official and personal capacities were a proximate cause as to the injuries and damages sustained by Plaintiff.

## False Arrest - Mississippi Common Law

50.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

51.     On or about August 7, 2011, Defendants collectively did cause the Plaintiff to be arrested falsely, unlawfully, maliciously, and without probable cause, charging that Plaintiff's conduct was disorderly.

52.     As a result of having been unlawfully and falsely arrested, Plaintiff was subjected to ridicule and embarrassment and sustained damage to his reputation.

53.     As a direct and proximate result of the above-mentioned acts of the Defendants, Plaintiff sustained severe injuries, causing him great pain, suffering, and mental anguish.

## Gross Negligence – Mississippi Common Law

54.     Plaintiff re-alleges and hereby incorporate all of the preceding paragraphs of this Complaint as if set forth herein.

55.     The act(s) and/or omission(s) of these Defendants, by and through their employee, servant, and/or agent when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendants who committed the subject actions had actual, subjective awareness of the risk, but nevertheless proceeded with reckless disregard and conscious indifference to the rights, safety or welfare of Plaintiffs herein in the following particulars, including but not limited to:

(a) using excessive force;

(b) using excessive force while not witnessing the commission of a crime;

(c) using excessive force while not witnessing the commission of a felony;

(d) making an unlawful detention; and

(e) lacking probable cause or a reasonable suspicion to make such a detention.

56.    The act(s) and/or omission(s) in question constitute a reckless disregard for the rights and safety of Plaintiff and others.  As such, the act(s) and/or omission(s) of these Defendants, by and through its employee, servant, and/or agent and other officers of the Holmes County Sheriff's Department constitutes reckless disregard as the term is defined under Mississippi law.  Because Deputy Wilson and/or other officers of the Holmes County Sherriff's Department was an employee, servant, and/or agent of one or more of these Defendants, the principal defendant is vicariously liable for the actions and gross negligence of Defendants at Issue.  As a result, Plaintiff is entitled to the recovery of compensatory damages against these Defendants.

## Assault (Civil) - Mississippi Common Law

57.    Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

58.    The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that Deputy Kenny Wilson committed a civil assault. Plaintiff's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendant's overt act of hitting Detrick Oliver with a baton several times and spraying mace in his face constituted a threat or menace to the Plaintiff.  Defendants, Deputy Wilson, and other officers of the Holmes County Sherriff's Department apparent

Page **11** of 19

present ability to inflict threatened harm and use of a weapon established that Defendants committed a civil assault.

59.   The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Battery (Civil) – Mississippi Common Law

60.   Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

61.   The acts(s) and/or omission(s) of Defendants, Deputy Wilson, and other officers of the Holmes County Sheriff's Department, in both their official and personal capacities, establish that he committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of plaintiff caused by the act of defendant, whether directed at plaintiff personally or at a third party.  Defendants commited a civil battery upon the Plaintiff when Deputy Wilson struck Detrick Oliver with his baton and sprayed him in the face with mace.

62.   The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Negligent Infliction of Emotional Distress - Mississippi Common Law

63.   Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

64.   The act(s) and/or omission(s) of Defendants on the day in question caused Plaintiff severe emotional distress through Defendants' tortuous conduct.  The attack of the Plaintiff was a harrowing, traumatic, and disturbing event, from which he has suffered serious emotional anguish.  Plaintiff suffered emotional distress and were also placed in

the zone of danger as a result of Defendants' act(s). Therefore, the act(s) and/or omission(s) constitute a negligent infliction of emotional distress as defined under Mississippi law.

65.     The above act(s) and/or omission(s) constitute negligent infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Intentional Infliction of Emotional Distress – Mississippi Common Law

66.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

67.     The act(s) and/or omission(s) of Defendant on the night in question intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress. Plaintiff suffered severe emotional distress as a result of the extreme and outrageous acts. Defendants' use of a weapon to harm and the Plaintiff were deliberate, calculated, and reckless. Therefore, the act(s) and/or omission(s) constitute an intentional infliction of emotional distress as defined under Mississippi law.

68.     The above act(s) and/or omission(s) constitute intentional infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### Vicarious Liability - Respondeat Superior

69.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

70.     Upon information and belief Deputy Wilson and other Deputies of the Holmes County Sheriff's Department involved in this matter were employee(s), servant(s),

(e)   other acts of negligent hiring, retention, supervision, and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or admission(s) of Defendants proximately caused Plaintiff's damages.

## Agency

73.   Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein.

74.   At the times material hereto, Defendant Sheriff Willie March, Deputy Sheriff Kenny Wilson and Doe Defendants 1-5 were in the course and scope of their employment with and acted in furtherance of the interest of Defendant Holmes County, Mississippi and Doe Defendants 1-5, and/or was an apparent agent acting within his actual or apparent authority of Defendants Holmes County, Mississippi and Doe Defendants 1-5; therefore, Defendants are liable for the negligence of its employee(s) statutory employee(s)/agent(s).

## VI.

## __DAMAGES__

75.   Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

76.   As a direct and proximate result of the Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence

made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

77.    Plaintiff has suffered out-of-pocket expenses which include attorneys' fees, costs of court, and other expenses.  Accordingly, Plaintiff seeks all economic, non-economic, general, special, incidental, and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages.  Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

78.    The amount of total damages suffered by Plaintiff is significant and continuing in nature.  Plaintiff reserve the right to amend and state further with respect to their damages.

## VII.

## PUNITIVE DAMAGES

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

80.    Defendants, in their personal capacity, used deadly force that was totally improper and egregious.  Plaintiff did not have any weapons of any kind on his person at the time of the incident.  Further, Defendants never witnessed Plaintiff commit any crime(s) at any time which lead to the incident described herein. Defendants' actions were egregious and reckless, and it is Plaintiff's contention that punitive damages are all that can serve to deter Defendants egregious conduct.

81.     The act(s) and/or omission(s) of these Defendants, evidenced malice and a reckless disregard for the safety and well-being of other human beings, Plaintiffs specifically request a punitive damages instruction as to all Defendants, pursuant to Mississippi Code Annotated Section 11-1-65.   Punitive damages instructions may be given when the trial court so determines that the Defendant's conduct is so willful, wanton, or egregious that it evidences a reckless disregard for the rights and safety of others.

## VIII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P.

82.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## IX.

## JURY TRIAL DEMANDED

83..     Plaintiff demands a jury trial.

    **WHEREFORE PREMISES CONSIDERED,** Plaintiff requests a judgment against any and all of these Defendants for the reasons set forth herein.   Further, Plaintiff requests general damages as well as punitive damages (to the extent allowed under Mississippi and Federal law) against all of the Defendants named herein.   Further, Plaintiff also prays for any and all other relief this Court deems necessary and appropriate in the interest of justice.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer and that upon final hearing, Plaintiff has judgment of and from the Defendant for:

(1)     Past physical pain and mental suffering;

(2)     Future physical pain and mental suffering;

(3)     Past and future mental anguish;

(4)     Past necessary medical expenses;

(5)     Future necessary medical and other expenses that, in reasonable probability, will be sustained;

(6)     Past and future physical impairment;

(7)     Past and future loss of enjoyment and quality of life;

(8)     Actual, incidental and consequential damages;

(9)     Punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(10)    Pre-judgment interest at the maximum legal rate for all damages suffered;

(11)    Post-judgment interest at the maximum legal rate for all damage suffered;

(13)    Reasonable attorneys' fees and costs of court, and

(14)    For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated this the _____ day of _____, 2012.

Respectfully submitted,

**Detrick Oliver**

BY: _____

Dennis C. Sweet IV

**Of Counsel:**
Dennis C. Sweet III
Dennis C. Sweet IV
Thomas Bellinder
Terris Harris
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi  39201
Phone: 601-965-8700
Fax:    601-965-8719

**FILED**

10:00 (A.M.) or P.M.

AUG 1 5 2012

EARLINE WRIGHT-HART, CIRCUIT CLERK

BY_____D.C.

Page **19** of **19**

## IN THE CIRCUIT COURT OF HOLMES COUNTY MISSISSIPPI

**DETRICK OLIVER**                                                     **PLAINTIFF**

**vs.**                                    CIVIL ACTION NO.: *2012-0247*

**HOLMES COUNTY; HOLMES COUNTY**
**SHERIFF DEPARTMENT, SHERIFF**
**WILLIE MARCH (individually and in his**
**official capacity), DEPUTY SHERIFF**
**KENNY WILSON (individually and in his**
**Official capacity)  AND JOHN DOES 1-5**                    **DEFENDANTS**

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS PROPOUNDED TO DEFENDANT'S HOLMES COUNTY; HOLMES COUNTY SHERIFF DEPARTMENT & SHERIFF WILLIE MARCH

---

COMES NOW the Plaintiff, Detrick Oliver,  by and through counsel, pursuant to Rules

26, 33, 34 and 36 of the Mississippi Rules of Civil Procedure, and submits this his First Set of

Interrogatories and Requests for Production of Documents to be answered under oath as follows:

### DEFINITIONS

The following definitions apply throughout the present set of Requests for Admissions

and shall be adopted by each Defendant in responding thereto:

A.  "Person" shall mean any natural person or entity, including but not limited to

corporate entities and/or organizations.

B.  "Document" shall mean the original (or copy if the original is not available)  of each

non-identical copy (whether non-identical because of alterations, attachments, blanks, comments,

notes, underlying or otherwise) or any writing or record, however described, whether account,

agreement, amendment, article, authorization, bank advice or similar notice, transfer, bank

statement, bill of lading, blueprint, book, chart, check, contract, correspondence, deposit slip,

**FILED**
*10:00* (A.M) or P.M.
AUG 1 5 2012
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY *Brenda Travis*

diary, drawing, entry, estimate, or cost-to-complete estimate, film, financial statement, graph, instruction, internal document, invoice, journal, ledger or subsidiary ledger, letter, memorandum, minutes, notes, notebook, plan, photocopy, photograph, projection, publication, purchase order, recording, report schedule, scrapbook, sketch, specification, speech, tape telegram, telex, transcript, voucher or otherwise and all retrievable date whether recorded, taped or coded electrostatically, electromagnetically or otherwise

C.  "Identify" when used in reference to:

(1)     a natural person, shall mean to state the person's full name, last known address and telephone number.

(2)     a business or governmental entity not a natural person, shall mean to state the entity's full name, principal activities, state of legal creation and address of principal place of business.

(3)     a document, shall mean to state:

(a)  the document's description (e.g., letter, memorandum, report, etc.),

(b)  title,

(c)  date,

(d)  author, and

(e)  present location.

(4)  communication or statement, shall mean to state:

(a)  the date of occurrence,

(b)  place of occurrence,

(c)  substance,

(d)  each person by whom the communication was made; and,

(e) each person who was present when the communication was made.

D.   "You" or "Yours" means the answering defendant and the answering defendant's representatives, agents and/or employees The City of Jackson, Mississippi.

E.   "Incident" or "Accident" unless otherwise specified or indicated, means the incident or accident described in the Complaint filed, to-wit: the vehicular accident which occurred on or about August 7, 2011 4850 Highway 17, Pickens, MS 39146.

## GENERAL INSTRUCTIONS

1.   If any of these requests cannot be answered in full, then you should answer to the extent possible and specify the reasons for the inability to answer the remainder, and should state whatever information or knowledge you have concerning the unanswered portion.

2.   In answering these requests, please furnish such discoverable information as is known or available to the Defendant, regardless of whether this information is obtained directly by, or known to, or obtained by, any of its attorneys or other agents or representatives.

3.   In answering where production of a document is requested, required or referred to, a legible and accurate reproduction of said document may be produced as a method of convenience.   However, Plaintiffs do not waive any right to access, inspect, demand and/or subpoena the original of said document.

4.   These requests shall be, pursuant to the rules, continuing requests to the date of trial, and any change in answers given, occasioned by new information or other reason shall be immediately supplemented in accordance with the applicable rules.

5.   If you deny any of the requests for admissions, for each request denied, provide all facts upon which you base your denial, and identify any person with actual knowledge of those facts.

## DEFINITION OF TERMS

1.      Throughout these requests, including the definition of terms, the words used in masculine gender include the feminine; and the words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or" i.e., "and/or".

2.      Throughout these requests, the following terms have the following meanings indicated:

a.      "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

b.      "Person" means any individual, corporation, proprietorship, partnership, association or any other entity.

c.      "Identify" when referring to a person, as defined above, means state the following:

(1)      The name of that person;

(2)      The address of that person;

(3)      If the present residence or business address is unknown, state the last known address or any other information of the Defendant that might reasonably lead to the person being located;

(4)      The telephone number for that person (home and business, where applicable), or that person's last known telephone number;

(5)      If that person is an individual, state his employer, his position with duties for that employer, and the address of that employer.

    d.    "<u>Identify</u>" <u>when referring to a document</u>, as defined above, means to provide the following information:

        (1)    The date of the document;

        (2)    The title of the document;

        (3)    The author of the document;

        (4)    The person for whom the document was prepared;

        (5)    The subject matter covered by the document;

        (6)    The present location of the document;

        (7)    The custodian of the document, including his name, address and business telephone number.

    e.    "<u>Identify</u>" <u>when referring to a verbal or oral communication (report)</u> means to provide:

        (1)    The date of the report;

        (2)    The person by whom the report was made;

        (3)    The person to whom the report was made;

        (4)    The persons who witnessed or heard the report, or in whose presence the report was made;

        (5)    Where the report was made;

        (6)    The contents of the report.

    f.    "<u>Description</u>" or "<u>to describe</u>" means to provide a narrative, detailed chronological history of the incident or event(s) inquired about, including pertinent dates, identifying persons involved, identifying documents utilized or generated, and identifying pertinent oral or verbal communications.

g.      "State the basis for a claim or allegation" means to provide the following information:

(1)      Identify persons involved in the event or incident about which the claim or allegation is made;

(2)      Identify persons having information or knowledge about such incident or event about which such claim or allegation is made;

(3)      Identify documents pertaining to such incident or event about which such claim or allegation is made;

(4)      Identify documents providing information about such incident or event about which such claim or allegation is made;

(5)      Identify oral or verbal communications pertaining to such incident or event about which such claim or allegation is made;

(6)      Describe the incident or event about which such claim or allegation is made.

3.      "Officer John Doe," refers to that individual who was upon the premises located at 4850 Highway 17, Pickens, MS 39146 , Mississippi on or about August 7, 2011, who was acting as a law enforcement officer.

**NOTE:**      For each document request which bears a reference to the Code of Federal Regulations, the request shall be deemed to include any similar documents required by the laws of any State, or any similar documents kept and maintained as a part of the Defendants' internal company policy.

**NOTE:**        If you deny any of the requests for admissions, for each request denied, provide all facts upon which you base your denial, and identify any person with actual knowledge of those facts.

## INTERROGATORIES

**INTERROGATORY NO.1:**        Please state the full name, address, date of birth and employment position(s) for the past ten years of every individual who provided information or assisted in answering these interrogatories (other than counsel).

**INTERROGATORY NO.2:**        Please list the identity and location (telephone number and address) of persons (I) having knowledge of any discoverable matter; or, (ii) who may be called as a witness at trial and provide a summary of their expected testimony.

**INTERROGATORY NO.3:**        If any person identified as having discoverable knowledge has taken/given any oral or written statements concerning the incident in question, identify the person from/to whom it was taken/given, when it was taken/given, and the custodian of each such statements.

**INTERROGATORY NO.4:**        Identify all individuals having relevant knowledge of the subject matter of this cause, whether or not you plan to call such person as witnesses at the trial of this cause.

**INTERROGATORY NO.5:**        Identify each person whom Defendant expects to call as an expert witness at the trial in this matter, and state to each person the following information:

a.  His or her qualifications as an expert;

b.  The subject matter upon which he or she is expected to testify;

c.  The substance of the facts and opinions to which he or she is expected to testify;

d.  A summary of the grounds for each opinion for which he or she is expected to testify; and,

e.  Identify each book, article, document, paper or other publications by chapter, section and page, which supports the ground for each opinion.

**INTERROGATORY NO.6:**     Identify each expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, and state the substance of the facts known or opinions held by said expert.

**INTERROGATORY NO. 7:**     Please identify any insurance company or carrier which you contend owes you a duty to defend this action and pay any judgment in favor of the Plaintiff of this action; and identify the policy number or binder number of the insurance policy which provides for such coverage; and identify the total amount of primary coverage and excess coverage available for the acts alleged in this Complaint.

**INTERROGATORY NO.8:**     Identify all documents consulted by Defendant or upon which Defendant relied in answering these interrogatories.

**INTERROGATORY NO.9:**     State with specificity the maximum amount of coverage underwritten by you or Mutual Insurance Agency applicable to the incident in question, whether or not you contend such an amount is owed or payable to Plaintiffs.

**INTERROGATORY NO.10:**     Identify each and every document Defendant may or will seek to introduce into evidence, use as an exhibit or have someone read at trial, including the title, author, publisher, date and page numbers of each text, treatise, article or study.

**INTERROGATORY NO.11:**     For each document requested in the Plaintiff's Request for Production of Documents which you have not produced to the Plaintiff on the grounds that it constitutes work product, was prepared in anticipation of litigation for trial, or was

confidential/privilege and is, therefore protected under Mississippi Rules of Civil Procedure 26, for each such document:

a.  Identify its author (for photographs or electronic recordings, identify the person who operated the camera or electronic equipment);

b.  State the subject matter of the document;

c.  State the date it was prepared or produced; and,

d.  State its custodian.

**INTERROGATORY NO.12:**        Describe all actions taken by you to educate, train, or inform law enforcement officers.

**INTERROGATORY NO.13:**        Identify the individual or individuals associated with or employed by you whose responsibility it is to educate, train or inform law enforcement officers.

**INTERROGATORY NO.14:**        Identify all lawsuits (including court, civil action number, name of parties) or claims for the last five (5) years against you.  Please include:

a.  The subject matter of the suit;

b.  The date the suit was filed; and,

c.  The subject matter of your involvement.

**INTERROGATORY NO. 15:**        If you contend that some other person or entity is, in whole or part, liable to Plaintiffs or Defendants, state such person or entity's full name, address, and telephone number, and describe in detail the basis of such liability. This interrogatory includes the identities of persons or entities at "fault" within the meaning of Miss. Code Ann. § 85-5-7 (Supp. 1998).

**INTERROGATORY NO. 16:**        Please identify each and every person with any direct or indirect responsibility for the operation, supervision, or management of Law Enforcement

Officers working for you or under your control/supervision, including the substance and scope of such responsibility. The scope of this interrogatory includes the identities of individuals having such responsibilities for the period of August 7, 2011 through the present.

**INTERROGATORY NO.17:**     Identify any and all communications, written or oral, with any law enforcement agency regarding the criminal statistics on the subject premises or surrounding area.

**INTERROGATORY NO. 18:**     Identify the hiring and training procedure for all Law Enforcement Officers.

**INTERROGATORY NO. 19:**     Please describe in detail any conversation, meeting, correspondence, or writing, that you have had with any Internal Affairs office or any agency investigating the incident described in the complaint.

**INTERROGATORY NO. 20:**     Please identify all persons from whom you or your representatives have taken statements relative to the subject lawsuit and the dates said statements were taken.

**INTERROGATORY NO. 21:**     Please describe in detail each and every conversation or meeting you have had with any of the other Defendants named in the complaint. This includes The Holmes County Sherriff's Department, Deputy Sherriff Kenny Wilson, Sherriff Willie March, and Holmes County.

**INTERROGATORY NO. 22:**     Please state in detail the date and substance of any and all notices, incidents or reports including but not limited to felonies, misdemeanors, violence, tortuous conduct, or harassment, communicated to you, whether orally or in writing, which were reported to have occurred at the Kangaroo Gas Station located at 4850 Highway 17, Pickens, MS 39146. Identify all persons with knowledge of such notices, incidents, or reports.

**INTERROGATORY NO. 23:**     Please describe in your own words the actions that are described in the complaint, including the name of the officer that did the shooting.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO.1:**    Provide a copy of any written statements concerning the August 7, 2011, incident in question.

**REQUEST NO.2:**    A copy of all documents and/or demonstrative evidence which Defendant will introduce into evidence, or will use at the trial of this cause as an exhibit or otherwise.

**REQUEST NO.3:**    Any and all documents, memoranda, or other writings in any way pertaining to the allegations of the Answer.

**REQUEST NO.4:**    Curriculum Vitae and/or resume of any person listed in the Defendant's answers to the Plaintiff's First Set of Interrogatories who is therein identified as an expert or potential expert witness.

**REQUEST NO.5:**    All documents identified in Defendant's Answers to the Plaintiff's First Set of Interrogatories.

**REQUEST NO.6:**    Any and all reports, letters and/or other memoranda which Defendant has made to any third-party insurance company regarding the treatment/claims which are the subject of this lawsuit.

**REQUEST NO.7:**    Any and all statements which Defendant has taken, whether reduced to writing or in the form of taped or other recording, from any witness or potential witness to the incident alleged in the Complaint or any defense.

**REQUEST NO.8:**    Any and all texts, treatises, documents, periodicals, memorandums, notes, etc., on which Defendant will rely at the trial or on which Defendant's experts have consulted in

preparation of their opinions to prove or disprove the allegations contained in the Complaint and other pleadings.

**REQUEST NO. 9:**   Any and all documents either identified in, relied on, referred to or which you reviewed in responding to Plaintiff's First Set of Interrogatories propounded to you.

**REQUEST NO.10:**   Any documents, exhibits or data which any expert or potential expert Defendant intends to call has relied on or referred to in formulating any opinion in this case.

**REQUEST NO.11:**   All documents prepared by each person whom Defendant expects to call as an expert at trial.

**REQUEST NO. 12:**   All documents relating to premises liability coverage or insurance coverage for the claims, injuries, and/or damages set forth in this Complaint, including, but not limited to, insurance policies, excess insurance policies, applications for insurance, and binders.

**REQUEST NO. 13:**   Please produce the incident report associated with the incident described in the complaint which was executed by Deputy Kenny Wilson or any other Law Enforcement Officer.

**REQUEST NO. 14:**   All documents relating to crimes, reports of crimes, or attempted crimes at the Kangaroo Express Located at 4850 Highway 17, Pickens, MS 39146.  Including but not limited to crime statistics and incident reports, whether or not such reports proved to be founded or unfounded, for the time period of August 7, 2012, through the present.

**REQUEST NO. 15:**   All documents relating to reported or rumored crimes, criminal activity, felonies, misdemeanors, tortuous conduct, verbal or physical harassment, loitering, or gang activity at the Kangaroo Express Located at 4850 Highway 17, Pickens, MS 39146.

**REQUEST NO. 16:** All correspondence and documents relating to the attack and assault of Plaintiff sent to, received from, or exchanged with the management company or its representatives, the management company's insurer or its representatives, or your insurer or its representatives.

**REQUEST NO. 18:** All correspondence and documents sent to, received from, or exchanged with any of the other Defendants named in the complaint.  This includes The Holmes County Sherriff's Department, Deputy Sherriff Kenny Wilson, Sherriff Willie March, and Holmes County.

**REQUEST NO. 19:** The personnel records of all persons employed at The Holmes County Sherriff's Department Jackson Mississippi Police Department during the time period of August 7, 2012, through the present including but not limited to managers, assistant managers, courtesy officers, convenience officers, security personnel, attendants, and maintenance personnel.

**REQUEST NO. 20:** Please provide any documents relating to any Department of Internal Affair's investigation or any agency investigating the incidents described in the complaint.

**REQUEST NO. 21:** Any and all documents sent to, received from, or exchanged with Holmes County Sherriff's department during the time period of August 7 2011 through the present.

**REQUEST NO. 22:** Any and all documentation supporting the dismissal of the criminal charges Plaintiff, Detrick Oliver received on the date of the accident.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:** Admit that on or about August 7, 2011 Deputy Sherriff Kenny Wilson was at the Kangaroo Express Gas Station located at 4850 Highway 17, Pickens, MS 39146.

**REQUEST FOR ADMISSION 2:**   Admit that on or about August 7, 2011 Detrick Oliver was at the Kangaroo Express Gas Station located at 4850 Highway 17, Pickens, MS 39146.

**REQUEST FOR ADMISSION 3:**   Admit that at the time of the incident in question, Deputy Sherriff Detrick Oliver was employed by The Holmes County Sherriff's department.

**REQUEST FOR ADMISSION 4:**   Admit that on August 7, 2011 during the incident described in the complaint Deputy Sherriff Kenny Wilson was acting within the course and scope of his employment with the Holmes County Sherriff's Department.

**REQUEST FOR ADMISSION 5:**   Admit that at all relevant times, Detrick Oliver did not threaten Deputy Sherriff Kenny Wilson.

**REQUEST FOR ADMISSION 6:**   Admit that at all relevant times, Detrick Oliver did not threaten any law enforcement officer.

**REQUEST FOR ADMISSION 7:**   Admit that at all relevant times Detrick Oliver did not threaten any patrons at Kangaroo Express located at 4850 Highway 17, Pickens, MS 39146.

**REQUEST FOR ADMISSION 8:**   Admit that at all relevant times, Detrick Oliver did not violate the laws.

**REQUEST FOR ADMISSION 9:**   Admit that on or about August 7, 2011 Deputy Sherriff Kenny Wilson struck Detrick Oliver with a baton.

**REQUEST FOR ADMISSION 10:**   Admit that on or about August 7, 2011 Deputy Sherriff Kenny Wilson sprayed Detrick Oliver in the face with mace.

**REQUEST FOR ADMISSION 11:**   Admit that Deputy Sherriff Kenny Wilson did not receive any training relative to security.

**REQUEST FOR ADMISSION 12:**   Admit that Deputy Sherriff Kenny Wilson's assaults on Detrick Oliver were unprovoked.

**REQUEST FOR ADMISSION 13:**  Admit that Detrick Oliver did not cause the incidents in question.

**REQUEST FOR ADMISSION 14:**  Admit that Detrick Oliver suffered bodily injury as a result of the assaults described in the complaint.

 **REQUEST FOR ADMISSION 15;**  Admit that Detrick Oliver suffered bodily economic damage as a result of the assaults described in the complaint.

**REQUEST FOR ADMISSION 16:**   Admit that Detrick Oliver suffered bodily non-economic damage as a result of the assaults described in the complaint.

**REQUEST FOR ADMISSION 17:**  Admit that Deputy Sherriff Kenny Wilson abused his power when Detrick Oliver was assaulted and arrested.

**REQUEST FOR ADMISSION 18:**  Admit that Detrick Oliver was falsely arrested without cause on or about August 7, 2011.

**REQUEST FOR ADMISSION 19:**  Admit law enforcement officers of the Holmes County Sherriff's Department failed to intervene when Deputy Sherriff Kenny Wilson struck Detrick Oliver on August 7, 2011.

**REQUEST FOR ADMISSION 20:**  Admit law enforcement officers of the Holmes County Sherriff's Department failed to intervene when Deputy Sherriff Kenny Wilson arrested Detrick Oliver on August 7, 2011.

Respectfully Submitted by:

DETRICK OLIVER

BY: _____
　　　Dennis C. Sweet, IV
　　　His Attorneys

**Of Counsel**:
Dennis C. Sweet, III
Dennis C. Sweet, IV
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, MS  39201